# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 06-40007-FDS |
| CARMELO FIGUEROA, | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM AND ORDER ON DEFENDANT'S [SECOND] MOTION TO MODIFY HIS <u>SENTENCE UNDER 18 U.S.C. § 3582(c)</u>

**SAYLOR, J.**

Defendant Carmelo Figueroa pleaded guilty in August 2006 to various drug charges and was sentenced to a term of imprisonment based principally on the career-offender sentencing guideline. On June 27, 2008, Figueroa filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on then-recent revisions to the crack-cocaine sentencing guidelines. The Court denied that motion on July 21, 2009, noting that because the sentence was based on the career offender guidelines, ". . . [the crack-cocaine] guideline did not affect the sentence in the first instance, the modification of the [crack-cocaine] guideline likewise would have no effect." On July 12, 2010, the First Circuit affirmed this Court's denial of defendant's motion to modify his sentence.

On November 1, 2011, defendant filed a second motion to reduce his sentence in light of recent amendments to the sentencing guidelines adopted to effectuate the Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111-220, 124 Stat. 2372. As explained below, the retroactive amended sentencing guidelines for crack-cocaine offenses do not apply to individuals whose

sentences are based on the career-offender guideline. Defendant's motion will therefore be denied.

**I.      Background**

On August 4, 2006, defendant pleaded guilty to a three-count indictment charging him with conspiracy to distribute, and to possess with intent to distribute, cocaine base, in violation of 21 U.S.C. § 846; distribution of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On May 1, 2007, this Court conducted a sentencing hearing. It found that defendant was a career offender within the meaning of § 4B1.1 of the U.S.S.G. and subject to a guideline sentencing range of 262 to 327 months.[1] The Court imposed a non-guideline sentence of 228 months based on the fact he had only two qualifying convictions, one of which was continued without a finding, and that he was relatively less culpable than most persons in the "career offender" category. That sentence represented a substantial departure from the guideline range of 34 months, or nearly three years.

Defendant now again moves to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that his sentence should be reduced in accordance with the retroactive amended sentencing guidelines for crack cocaine.

---

[1] The crack cocaine guidelines, had they been applied, would have resulted in an offense level of 31 based on drug quantity, but the career-offender guideline raised the offense level to 34.

**II.     Analysis**

Defendant is ineligible for a reduction of his sentence because his sentencing range was based on U.S.S.G. § 4B.1 (the career-offender guideline), not section U.S.S.G. § 2D1.1 (the crack-cocaine guideline).  The Court may modify a sentence for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c).  The Sentencing Commission has lowered the sentencing range set forth in the crack-cocaine guidelines, not the career-offender guideline, and this Court relied solely on the career-offender guideline in determining defendant's sentence.[2]  "A sentencing court has no authority to entertain a sentence reduction motion under § 3582(c)(2) when the guideline amendment in question does not affect the guideline sentencing range actually used by the sentencing court." *United States v. Caraballo*, 552 F.3d 6, 11, (1st Cir. 2008); *see also United States v. Hickey*, 280 F.3d 65 (1st Cir. 2002).

Furthermore, defendants sentenced under the career-offender guideline are ineligible for sentence reductions resulting from the amended crack-cocaine guidelines.  "If a defendant not designated a career offender was sentenced under the crack cocaine guidelines before the guideline reduction, he may seek resentencing; if sentenced as a career offender for the same offense, he may not as his sentence was not based on the crack cocaine guidelines." *See United States v. Cardosa*, 606 F.3d 16, 19 (1st Cir. 2010); *see also Caraballo*, 552 F.3d at 11; *United States v. Ayala-Pizarro*, 551 F.3d 84, 85 (1st Cir. 2008).

---

[2] As the Court noted in its July 21, 2009 ruling on defendant's first motion to modify his sentence, "nothing about the crack cocaine guideline drove the sentence to a higher level, dissuaded the Court from imposing a lesser sentence, or otherwise affected the ultimate decision."

### III. Conclusion

For the foregoing reasons, defendant's motion to reduce his sentence is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 12, 2012